UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 11-21147-CIV-GRAHAM/GOODMAN

[CONSENT CASE]

PASTOR JESUS GONZALEZ and all others
similarly situated under 29 U.S.C. 216(B),

    Plaintiff,
vs.

OLD LISBON RESTAURANT & BAR L.L.C.
OLD LISBON SUNSET, L.L.C
CARLOS SILVA

    Defendants.
_____/

**ORDER GRANTING DEFENDANTS'**

**MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

This cause is before me on the Motion to Dismiss Plaintiff's Amended Complaint filed by Old Lisbon Restaurant & Bar L.L.C., Old Lisbon Sunset, L.L.C., and Carlos Silva (collectively "Defendants"). [ECF No. 17]. On June 20, 2011, Plaintiff, Pastor Jesus Gonzalez, filed a response in opposition to Defendants' motion to dismiss. Defendants did not file a reply and the time for doing so has now expired, which means the motion is ripe for a ruling.

For the reasons described below, Defendants' motion to dismiss is **GRANTED** and Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**. Plaintiff may file an amended complaint within **14 days** of today's date.

**I.    BACKGROUND**

This is an action seeking unpaid overtime and minimum wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. [ECF No. 11]. In his Amended Complaint, Plaintiff

claims that he worked as a busboy for Defendants from approximately January 4, 2010 to January 2, 2011, but that he was never paid minimum wage or overtime compensation as required by the FLSA. [*Id.* at ¶¶11-13, 23].[1] Plaintiff alleges that the individual defendant, Carlos Silva, was the managing member and day-to-day operator of the corporate defendants. [*Id.* at ¶ 5].

In the typical FLSA scenario, an employee sues a single employer for whom the employee worked more than forty hours per week. Plaintiff does not allege that he ever worked more than forty hours per week for a single defendant. Rather, he contends that he worked an average of sixty hours per week *combined* between the two corporate defendants and seeks to establish that his employment was covered by the FLSA under a joint enterprise theory.

Defendants moved to dismiss the amended complaint. [ECF No. 17]. According to Defendants, Plaintiff failed to state a claim under a joint enterprise theory because he did not sufficiently allege that both corporate defendants perform related activities for a common business purpose. Plaintiff contends in response that, to state a claim under the FLSA, he is only required to allege (1) a failure to pay overtime/minimum wages to covered employees and/or (2) a failure to keep appropriate payroll records. Plaintiff also claims that he has, in any event, alleged the purportedly necessary elements in paragraph 10 of his amended complaint and that "Defendants cannot claim they do not understand what the allegations are regarding Plaintiff's joint enterprise theory."

---

[1] Plaintiff originally filed a single-count complaint for failure to pay minimum wage, but he later filed an amended complaint after Defendants moved to dismiss that claim. [ECF Nos. 1; 7; 11]. The Court subsequently denied Defendants' motion to dismiss as moot. [ECF No. 14].

[CONSENT CASE]

## II.     LEGAL STANDARDS

### a. Motion to Dismiss Under Rule 12(b)(6)

Whether enterprise coverage exists is a question that implicates both the Court's jurisdiction and the merits of the case. *Roberts v. Caballero & Castellanos, P.L.*, No. 09-23131-CIV, 2010 WL 114001, at *2 (S.D. Fla. Jan. 11, 2010); *Diaz v. Solmar Rest., Inc.*, No. 08-21379-CIV, 2008 WL 5787709, at *1 (S.D. Fla. Dec. 22, 2008). Where the existence of enterprise coverage is questioned, the appropriate action "is for the district court to 'find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case'" under Federal Rule of Civil Procedure 12(b)(6). *Roberts*, 2010 WL 114001, at *2 (quoting *Diaz*, 2008 WL 5787709, at *1 (collecting cases supporting this proposition)).

In reviewing a motion to dismiss under Rule 12(b)(6), all well-pleaded facts in the plaintiff's complaint and all reasonable inferences drawn from those facts must be taken as true. *Jackson v. Okaloosa Cnty., Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994). Federal Rule of Civil Procedure 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal,* 129 U.S. 1937, 1950 (2009) (quoting rule).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Instead, a plaintiff must plead enough facts to state a plausible basis for the claim. *Id.*

### b. FLSA Enterprise Coverage Standard

An employer falls under the enterprise coverage section of the FLSA if it: (1) "has employees engaged in commerce or in the production of goods for commerce, or . . . has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person;" and (2) has at least $500,000 of "annual gross volume of sales made or business done." 29 U.S.C. § 203(s)(1)(A)*; accord Polycarpe v. E&S Landscaping Serv. Inc.*, 616 F.3d 1217, 1220 (11th Cir. 2010).  Two nominally separate businesses can be considered a joint enterprise for purposes of establishing enterprise coverage.

The test for determining whether a joint enterprise exists is flexible. *See Cornell v. CF Ctr., LLC*, 410 F. App'x. 265, 268 (11th Cir. 2011) (noting that courts must "look beyond formalistic corporate separation to the actual, pragmatic operation and control, whether unified or, instead, separate as to each unit") (quoting *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 970 (5th Cir. 1984)).  But to proceed under this joint enterprise theory, a plaintiff must at least allege facts which demonstrate the two businesses: (1) performed related activities, (2) through a unified operation or common control, and (3) for a common business purpose*.*  29 C.F.R. § 791.202; *Donovan v. Easton Land & Dev., Inc.*, 723 F.2d 1549, 1551 (11th Cir. 1984); *Jimenez v. South Parking, Inc.,* No. 07-23156, 2008 WL 4279618, at 9 (S.D. Fla. 2008).

### III. ANALYSIS

The Court carefully reviewed Plaintiff's Amended Complaint but was unable to find any well-pleaded allegations that Defendants performed related activities for a common business purpose.  Plaintiff relies on paragraph ten to oppose Defendants' motion.  In total, this paragraph provides that:

> Defendants Old Lisbon Restaurant & Bar LLC and Old Lisbon Sunset LLC are joint enterprises as defined by 29 U.S.C. 203(r) as

> the related activities between the these two limited liability companies, performed through unified operation and common control, are being done for a common business purpose.

[ECF No. 11, ¶ 10].

This paragraph is insufficient to state a claim under a joint enterprise theory because it contains only bare legal conclusions and does not specifically allege any actual facts describing Defendants or their businesses. *See Perez v. Muab, Inc.*, No. 10-62441-Civ, 2011 WL 845818, at *1-2 (S.D. Fla. March 7, 2011) (dismissing a complaint after concluding that enterprise coverage allegations were "devoid of facts" when plaintiff alleged only that defendant "is an enterprise engaged in an industry affecting commerce, is an employer as defined by 29 U.S.C. § 203(d)( and (s)(1), which has employees subject to the provisions of the FLSA . . . in the store where Perez was employed"); *Kendrick v. Eagle Int'l Grp., LLC*, No. 08-80909-CIV, 2009 WL 3855227, at *3 (S.D. Fla. Nov. 17, 2009) (dismissing FLSA complaint where plaintiff "failed to allege a single fact to support her legal conclusion that [defendant] . . . is an employer under the FLSA").

Plaintiff also focuses his opposition to the dismissal motion on the allegations in paragraph 11 that "both companies were operated by the same managing member for a common business purpose." (*Id.*) This allegation is sufficient to satisfy the second prong of the joint enterprise test (i.e., unified operation or common control) and Defendants do not contest this element. But Plaintiff offers no authority – and the Court is aware of none – for the proposition that simply because two companies are being run by the same managing member that those two companies comprise a joint enterprise.

In the absence of any other allegations, the fact that the same managing member operated both companies only means that the individual defendant could be considered a joint *employer* with, and equally as liable as, either corporate defendant. *See Perez v. Sanford-Orlando Kennel*

5

*Club, Inc.*, 515 F.3d 1150, 1160 (11th Cir. 2008) ("a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages") (internal citation and quotations omitted). It does not, however, establish that the two businesses themselves are joint enterprises. *Patel*, 803 F.2d at 637 ("we hold that the enterprise analysis is different from the analysis of who is liable under the FLSA"). A plaintiff must still allege facts demonstrating that the two businesses performed related activities for a common business purpose. Otherwise, the other two requirements would be completely meaningless.

It is not difficult to allege that two employers performed "related activities." "Activities are related when they are 'the same or similar' or when they are 'auxiliary and service activities.'" *Donovan*, 723 F.2d at 1551 (citing S. Rep. No. 145, 87th Cong., 1st Sess. 31, reprinted in 1961 U.S. Code Cong. & Ad. News 1620, 1660); *see also* 29 C.F.R. § 779.206 (citing same source as 11th Circuit).

*Brennan v. Veterans Cleaning Service, Inc.*, 482 F.2d 1362, 1367 (5th Cir. 1973) is an illustration of the ease by which a plaintiff could sufficiently allege facts showing related activities. In that case, the former Fifth Circuit concluded that three nominally separate companies – a commercial janitorial services provider, a residential maid service, and a sewer and septic tank cleaning and maintenance service – performed related activities because the three companies all provided cleaning services using the same office, equipment, and employees. *But see Donovan*, 723 F.2d at 1551-52 (affirming district court's trial determination that a hotel and a lounge located inside the hotel did not perform "related activities" because, although each sold food and shelter, the two businesses served a different clientele).

Likewise, it is also not difficult to sufficiently allege a "common business purpose." 29 C.F.R. 779.213 states that a "common business purpose" encompasses activities "directed to the same business objective or to similar objectives in which the group has an interest." In *Morgan v. SpeakEasy, LLC*, 625 F. Supp. 2d 632, 648 (N.D. Ill. 2007), the district court concluded, in the summary judgment context, that this prong was satisfied where two adjoining restaurants considered themselves to be "sister restaurants."

Plaintiff also refers to paragraphs 11 and 16 of his amended complaint. These paragraphs allege that "Defendants were splitting up Plaintiff's hours between the entities to evade payment of overtime wages." But more than that – the performance of related activities for a common business purpose – is required for a joint enterprise. Plaintiff cites to no authority standing for the proposition that whenever any two companies share an employee those companies constitute a joint enterprise. It is now axiomatic that "[m]ore than a common goal to make a profit" is required. *Donovan*, 723 F.2d at 1553.

Plaintiff's complaint is devoid of any allegations describing the type of business activities in which Defendants are engaged and for what purpose. Instead, Plaintiff literally has taken the legal test for joint enterprise coverage and repeated its exact terms as his allegations. *See Twombly*, 550 U.S. at 555 (a plaintiff is obligated to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). A reader of Plaintiff's complaint is no more informed about the alleged **factual basis** for Plaintiff's legal claim (i.e., that Defendants performed related activities for a common business purpose) than a reader of the federal regulation on which the test is based.[2] The "pleading standard Rule 8

---

[2] The full regulation provides that: "Under the definition, the 'enterprise' consists of 'the related activities performed for a common business purpose.' All of the activities comprising the enterprise must be 'related.' Activities serving a single business purpose may be related, although different, but other activities which are not related are not included in the enterprise.

announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949.[3]

The Court agrees with Defendants that Plaintiff did not allege the facts necessary to proceed under a joint enterprise theory. *Kendrick*, at * 3 (dismissing FLSA complaint and noting that "Plaintiff's legal conclusion with no factual allegations in support is insufficient to withstand a motion to dismiss").

---

The definition makes clear that the enterprise includes all such related activities which are performed through 'unified operation' or 'common control.' This is true even if they are performed by more than one person, or in more than one establishment, or by more than one corporate or other organizational unit. Specifically included, as a part of the enterprise, are departments of an establishment operated through leasing arrangements. On the other hand, the definition excludes from the 'enterprise' activities only performed 'for' the enterprise rather than as a part of it by an independent contractor even if they are related to the activities of the enterprise. Also, it makes clear that a truly independent retail or service establishment does not become a part of a larger enterprise merely because it enters into certain types of franchise or collective purchasing arrangements or because it has a common landlord with other such retail establishments." 29 C.F.R. 779.202.

[3] Plaintiff attempts to avoid dismissal by relying on the unpublished case of *Secretary v. Labbe*, 319 F. App'x 761 (11th Cir. 2008). Plaintiff contends that *Labbe* held that the only two necessary allegations for an FLSA overtime/minimum wage claim are that (1) that an employer failed to pay overtime and/or (2) failed to keep payroll records. [ECF No. 18, p. 4]. The Court concludes that *Labbe*, which the appellate court designated as "not selected for publication in the Federal Reporter," does not control its analysis here. *Labbe*, an action brought by the Secretary of Labor, involved the question of whether a plaintiff's allegations were clearly time-barred under the statute of limitations and did not involve a joint enterprise theory. In addition, the *Labbe* court merely wrote that "the complaint alleges that Labbe is a covered employee" and did not discuss whether the particular jurisdictional allegations in the complaint were sufficient. *Accord Perez*, 2010 WL 845818, at *2 (reaching the same conclusion about why Labbe is inapplicable).

Plaintiff also relies on *Schlinsky v. Action Video Productions, Inc.*, No. 09-CIV-61779, 2010 WL 227910 (S.D. Fla. Jan. 13, 2010), to support its view that alleging an FLSA violation is straightforward and that he sufficiently alleged the joint enterprise elements. *Shlinksy*, however, is a 2010 opinion by United States District Judge James Cohn, who, in an opinion the following year, granted a motion to dismiss an FLSA overtime wage case and noted that "a court need not accept legal conclusions as true, but only well-pleaded factual allegations are entitled to an assumption of truth." *Perez,* 2011 WL 845818, at *1.

[CONSENT CASE]

## IV. CONCLUSION

Plaintiff did not allege the facts necessary to proceed under a joint enterprise theory. Therefore, Defendants' motion to dismiss is **GRANTED** and Plaintiff's Amended Complaint is **DISMISSED WITHOUT PREJUDICE**. Plaintiff may file a second amended complaint within **14 days** of today's date.

**DONE and ORDERED**, in Chambers, in Miami, Florida, this 25th day of October, 2011.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**

All counsel of record