UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 11-21147-CIV-GOODMAN

[CONSENT CASE]

PASTOR JESUS GONZALEZ and all others
similarly situated under 29 U.S.C. 216(B),

    Plaintiffs,
v.

OLD LISBON RESTAURANT & BAR L.L.C.,
OLD LISBON SUNSET, L.L.C., and
CARLOS SILVA,

    Defendant.

_____/

## ORDER APPROVING FLSA SETTLEMENT

This matter is before the Court on the parties' Joint Motion for Approval of Parties' Settlement Agreement and Dismissal With Prejudice. [ECF No. 51].

In general, the minimum wage and overtime provisions of the FLSA are mandatory and not subject to negotiation or bargaining between employers and employees. *See Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945). However, there are two ways employees may settle and waive a claim against their employer for unpaid minimum wages or overtime pay under the FLSA: (1) if the payment of unpaid minimum wage/overtime pay is supervised by the Secretary of Labor or (2) in a private lawsuit brought by an employee, if the parties present the district court with a proposed settlement and the court enters an order approving the fairness of the settlement. 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. U.S.,* 679 F.2d 1350, 1353 (11th Cir. 1982); *see also Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946).

An employee may settle and release FLSA claims against his employer without the supervision of the Secretary of Labor if all of the following conditions are met: (1) the settlement occurs in an adversarial context; (2) there are issues of FLSA coverage and/or computations actually in dispute; and (3) the district court enters an order approving the settlement after scrutinizing the fairness of the settlement. *Lynn's Food Stores*, 679 F.2d at 1354.

The Court reviewed the terms of the settlement agreement, which the parties filed as an attachment to their joint motion. The Court considered the factors outlined in *Lynn's Food Stores*, including the strength of the parties' cases, the factual positions of the parties, the existence (or lack thereof) of documents supporting or corroborating the parties' positions, the strength and weaknesses in the parties' respective cases and the parties' desire to resolve the dispute sooner, rather than later.

The Court finds that the settlement here represents a genuine compromise of a bona fide dispute. The plaintiff has accepted less money than he claims he is owed while the defendants, who have denied liability, have agreed to pay plaintiff more than they believe he is due under the law. Both have agreed to settle as a result of reasonable strategic and financial considerations.

Therefore, the Court finds that the settlement here occurred in an adversarial context and that there are genuine coverage and computation issues in dispute. The Court further finds that the settlement reached by the parties represents a reasonable compromise by both sides and is fair and reasonable. Accordingly, it is

ORDERED and ADJUDGED that the parties' settlement agreement is fair and reasonable, the settlement is **APPROVED** and this action is **DISMISSED WITH PREJUDICE**. The Clerk is Directed to CLOSE THIS CASE and all pending motions are

denied as moot.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 23rd day of May, 2012.

_____
Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
Counsel of Record